IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES M. WARREN,<br><br>Petitioner,<br><br>vs.<br><br>CCA WARDEN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-35-H-DLC-RKS<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner James M. Warren's application for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Warren is a state prisoner proceeding pro se.

Mr. Warren has shown he cannot afford to pay all costs that may be associated with this action. He may proceed in forma pauperis.

Mr. Warren's petition should be dismissed without prejudice. His central claim is that he is being held in custody illegally. *See* Pet. (Doc. 1) at 3 ¶ 4, 4-5 ¶¶ 13A-B. Montana law provides a remedy for persons who allege they are illegally held in custody, Mont. Code Ann. § 46-22-101, but Mr. Warren states that he has not pursued any remedy in state court, *see* Pet. (Doc. 1) at 3-4 ¶¶ 6-12.

Before he may proceed in this Court, Mr. Warren must exhaust state judicial remedies. *See Rose v. Lundy*, 455 U.S. 509, 520 (1981) (providing "a simple and

1

clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."). Mr. Warren's belief that the state courts will not honor his rights, Pet. at 5, 6, is irrelevant. Because Mr. Warren may file a habeas petition in the Montana Supreme Court, he must. His federal petition should be dismissed without prejudice as wholly unexhausted. He may file a federal habeas petition after he has properly exhausted his available state remedies. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

A certificate of appealability, 28 U.S.C. § 2253(c)(2), is not appropriate. Reasonable jurists would not find any exhausted claim. There is no reason to encourage further proceedings in this Court at this time. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

## ORDER

Mr. Warren's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. Mr. Warren's petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE as unexhausted.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Warren may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Warren must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 28th day of May, 2014.

                    /s/ Keith Strong
                    Keith Strong
                    United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.