
FILED
AUG 06 2014
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES M. WARREN,<br><br>          Petitioner,<br><br>vs.<br><br>CCA WARDEN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>          Respondents. | CV 14–35–H–DLC<br><br>ORDER |

Petitioner James M. Warren, a state prisoner proceeding pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Warren is challenging the validity of his probation and sentence claiming Constitutional due process and equal protection violations.

United States Magistrate Judge Keith Strong entered his findings and recommendation in this matter on May 28, 2014. (Doc. 4.) Judge Strong recommends that the Court dismiss the petition without prejudice and deny a certificate of appealability ("COA") because Warren has failed to exhaust his state court remedies. Warren timely objected, preserving his right to *de novo* review of the specific findings and recommendations to which he objects. 28 U.S.C. §

1

636(b)(1). The portion of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court will adopt Judge Strong's findings and recommendation in full.

Warren raises two objections to Judge Strong's findings and recommendation. Warren's first objection is a general one, asserting non-specific violations of Constitutional due process and equal protection. Warren's second objection, if it may be called one, "agrees . . . to DISMISS WITHOUT PREJUDICE his Habeas Corpus Petition," but also asserts that he "has already exhausted his state judicial remedies." (Doc. 9 at 1.)

Warren's general objection alleging Constitutional violations fails to establish a proper objection for de novo review. Federal Rule of Civil Procedure 72 (b) provides that a "party may serve and file specific written objections to the proposed findings and recommendations," and to resolve the objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Mr. Warren's objection, "Mr. Warren objects . . . on grounds of US Constitutional grounds of DUE PROCESS and EQUAL PROTECTION" (Doc. 9 at 1), is not a specific objection. The

2

objection fails to identify any specific issue in the findings and recommendation and provides no detail regarding how Judge Strong's findings and recommendation violates his Constitutional rights. Warren's objection is improper because it is general and conclusory, and accordingly, it is overruled.

Warren's second objection cannot be considered until he exhausts his remedies in state court. "A state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies" for his claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citation omitted), *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (providing "a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."). A state prisoner seeking federal habeas relief must fairly present the alleged constitutional violation to the state court to satisfy the exhaustion requirement. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Montana law provides a state habeas corpus remedy for persons challenging their custody. Mont. Code Ann. § 46-22-101.

Warren's petition makes clear that he has not exhausted available state court remedies. Warren's reason for not pursuing state court remedies, that he will not get relief, does not exempt him from the exhaustion requirement. Warren must first present the alleged constitutional violations to the state courts to satisfy the

3

exhaustion requirement. Accordingly, Warren's second objection is overruled.

The Court finds no clear error in Judge Strong's recommendation that a Certificate of Appealability ("COA") should be denied. A COA should issue only as to those claims for which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Warren's petition fails to show an exhausted state claim and does not make a substantial showing of a denial of a constitutional right. A COA is not warranted.

IT IS ORDERED that:

(1) Judge Strong's findings and recommendation (Doc. 4) is ADOPTED in full.

(2) Mr. Warren's petition (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

(3) The Clerk of Court is instructed to enter a judgment of dismissal in favor of Respondents and against Petitioner by separate document.

(4) A certificate of appealability is DENIED.

4

Dated this 6th day of August 2014.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court